This appeal involves a tort action filed by the plaintiff, Robert Turnbow, against a co-employee, John Coursey, and Kustom Kreation Vans ("Kustom") for injuries arising out of an automobile accident. The trial court granted summary judgment in favor of Coursey. As to the other defendant, Kustom, a trial was held, and the jury returned a verdict in favor of Kustom. Thereafter, the trial court denied Turnbow's motion for a new trial. Turnbow appeals both the grant of summary judgment and the denial of his motion for a new trial. We affirm.
Robert Turnbow was employed by City Federal Savings Loan Association ("City Federal") as a courier. He used City Federal's 1981 Ford van to deliver negotiable instruments and supplies from City Federal's main office to its branches. John Coursey, vice-president of operations for City Federal, was Turnbow's supervisor and was responsible for maintaining the van. Approximately one year prior to the accident made the basis of this litigation, the van was damaged on its left side in an accident. Subsequently, the driver's door on the van would not latch unless it was "slammed hard," and the latch would sometimes "pop loose" while the van was being driven, causing the driver's door to open. In addition, damage to the driver's seat eventually caused it to "rock back and forth." This problem, however, did not manifest itself until two days before Turnbow's accident. Although City Federal was paid the full amount for the estimated repairs of the van, Coursey never had the van repaired. *Page 134 
On February 11, 1985, Turnbow was driving the van on Highway 31, when another accident occurred. He contends that the driver's door suddenly "flung open" while the van was traveling at a speed of 40 to 45 m.p.h. As he reached out to grab the door handle, the driver's seat rocked forward, causing him to fall out of the open door and to sustain severe injuries. No one else was in the van with Turnbow, and there were no other vehicles involved in the accident.
After electing to receive workmen's compensation benefits, Turnbow sued Coursey pursuant to Ala. Code 1975, §25-5-11, part of Alabama's workmen's compensation laws. He alleged that Coursey had willfully allowed the van to be maintained in such a manner that it was likely to cause him serious harm, and that it did, in fact, cause him serious injuries. Coursey moved for summary judgment on the basis that he was not guilty of "willful conduct" as defined in the above Code section and thus was immune from liability. The motion was granted. On appeal, Turnbow argues that there was sufficient evidence that Coursey acted willfully.
Under Alabama's workmen's compensation laws, an injured worker who has elected to receive benefits under the compensation system may pursue a civil action against a co-employee only if the injury sustained by the worker resulted from the "willful conduct" of the co-employee. Ala. Code 1975, §§ 25-5-11(b), -53; Reed v. Brunson,527 So.2d 102 (Ala. 1988). In Reed, we held that the legislature's definition of "willful conduct" in §25-5-11(c)(1) requires an injured worker to show that the co-employee defendant consciously pursued a course of conduct with a purpose, design, or intent to injure someone, and that his actions in furtherance of that purpose, design, or intent resulted in, or proximately caused, the injury upon which suit is brought. 527 So.2d at 119. In so holding, we distinguished "willful conduct" from "wanton conduct" by requiring that the injured worker, in order to prove "willful conduct," show that the co-employee desired the result of his conduct, i.e., that he intended to injure someone.
Intent, although incapable of direct proof, can be deduced from the facts of a case and is normally a matter peculiarly within the province of the trier of facts. Walker v.Woodall, 288 Ala. 510, 513, 262 So.2d 756 (1972). However, we held in Reed that, in order for the issue of intent to go to the jury in cases such as these, the plaintiff must present "at least some evidence tending to show either (1) the reason why the co-employee defendant would want to intentionally injure the plaintiff, or someone else, or (2) that a reasonable man in the position of the defendant would have known that a particular result (i.e., injury or death) was substantially certain to follow from his actions." Reed, 527 So.2d at 120. As to the second alternative, evidence showing only a knowledge and appreciation of a risk of injury (short of substantial certainty that it will occur) will not entitle the plaintiff to a jury determination of whether the co-employee defendant acted with a purpose, intent, or design to injure another. Id.
Turnbow failed to produce any evidence that Coursey had a reason to intentionally injure him or anyone else. Nor is there any evidence tending to show that a reasonable man in Coursey's position would have known that injury or death to the van's driver was substantially certain to occur because of the failure to have the van repaired. First, the door latch on the van was damaged for approximately one year before Turnbow's injury. The van had been driven many times in that period without any resulting injuries. Moreover, Coursey even drove the van himself after he learned of the problems with the door. He may have perceived a risk of injury, but this is not enough for a jury to infer that he acted with a purpose to injure another by failing to have the van's door repaired. Finally, although there was evidence that the driver's seat of the van was unstable and rocked forward at times, Coursey was never informed of this problem.
Because the trial court had determined that Turnbow failed to present sufficient *Page 135 
evidence for a jury to infer that Coursey acted with the requisite intent, its grant of summary judgment in favor of Coursey was appropriate.
Turnbow also argues on appeal that his motion for a new trial, with regard to Kustom, was improperly denied. The motion was based on the ground that one of the members of the jury knew an attorney representing Kustom, but failed to respond to a voir dire question directed at such knowledge. The facts show, however, that although the jury member initially failed to properly respond to the voir dire question, once he recalled knowing the Kustom attorney from elementary school, approximately 20 years earlier, he immediately notified the court of this fact before the jury was struck. Turnbow's attorney was aware of this information, but made no motion to disqualify the venireman, nor was he subsequently challenged for cause or peremptorily struck from the jury. Having remained silent and taken the chance of a jury verdict in his favor, Turnbow has conclusively waived any objection to the juror. Oliver v. Herron,106 Ala. 639, 17 So. 387 (1895). See also, Hood v.Kelly, 285 Ala. 337, 339, 231 So.2d 901, 903 (1970);Brackin v. State, 31 Ala. App. 228, 231,14 So.2d 383, 385 (1943).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.