547 So.2d 498 (1989)
Willie D. BAILEY and Annie Bailey
v.
James HOGG.
87-1187.
Supreme Court of Alabama.
June 16, 1989.
Stuart F. Vargo of Heninger, Burge & Vargo, Birmingham, for appellants.
Mike Brock of Rushton, Stakely, Johnston & Garrett, Montgomery, for appellee.
ALMON, Justice.
This appeal is from a co-employee action regarding failure to install a safety guard. Willie and Annie Bailey brought an action against Hooper Concrete, Inc., James Hogg, and Rufus Mitchell, alleging that Willie was injured in an on-the-job accident due to willful and wanton conduct on the part of the defendants.[1] Hogg filed a motion for summary judgment, which the trial court granted. The judgment in favor of Hogg was made final pursuant to Rule 54(b), Ala.R.Civ.P., and the Baileys appeal.
Hooper, which manufactures concrete, purchased a used concrete plant from another concrete manufacturer in Georgia. The plant was delivered to Hooper's facility in Greenville in three separate tractor trailer loads in July 1985. Hogg, a vice president of Hooper and the superintendent of the Greenville facility, directed the assembly of the plant.
After the plant was constructed and had been in operation for three or four days, *499 Willie Bailey was instructed to go inside the plant silo and clean it. To accomplish this, Willie was lifted to the top of the plant so that he could enter through a manhole on the top of the silo. He was lifted to the top of the silo with a front-end loader.
After cleaning out the silo, Willie exited through the manhole and returned to the area where he had been placed by the front-end loader. Someone started the machine and Willie's thumb was caught between a belt and a pulley. His thumb was amputated in the accident.
Hooper had received with the machine a guard that would have covered this pulley, but had not installed it. Hogg stated in his deposition that he knew that this guard and other guards had been delivered with the plant and that he knew that they had not been installed, but that he did not know why the guards had not been installed.
Hogg's motion for summary judgment argued that Ala.Code 1975, § 25-5-11, provides him immunity from the suit brought by the Baileys. In its order granting Hogg's motion, the trial court stated:
"This court is of the opinion that the co-employee amendment to the Workman's Compensation Act requires some active willful conduct on the part of the co-employee before the co-employee is deprived of the immunity from suit granted by the 1984 Act. While failure to install an available guard is extremely negligent, the court does not believe it is within the framework of the willful conduct required by the Act."
We are thus presented with the question of whether the failure to install an available safety guard can constitute willful conduct for purposes of the 1985 amendment to the Workman's Compensation Act.
Ala.Code 1975, § 25-5-11(b), part of the 1985 amendment (see Act 85-41 § 3, Ala. Acts 1984-85), provides, in pertinent part:
"(b) If personal injury or death to any employee results from the willful conduct, as defined in subsection (c) herein, of any officer, director, agent, servant or employee, of the same employer ..., the employee shall have a cause of action against such person."
This subsection makes it clear that an employee may maintain a cause of action against a co-employee only in cases where the plaintiff was injured due to the defendant's willful conduct.
"Willful conduct" is defined in Ala.Code 1975, § 25-5-11(c):
"(c) As used herein, `willful conduct' means:
"(1) A purpose or intent or design to injure another; and where a person, with knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent and purpose of inflicting injury, then he is guilty of `willful conduct.'
"(2) The willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from such removal; provided, however, removal of such a guard or device shall not be willful conduct unless such removal did, in fact, increase the danger of use of the machine and was not done for the purpose of repair of the machine or was not part of an improvement or modification of the machine which rendered the safety device unnecessary or ineffective."
In Reed v. Brunson, 527 So.2d 102 (Ala. 1988), this Court rejected challenges to the constitutionality of the 1985 amendment to § 25-5-11 and held that summary judgment was proper in spite of the provisions of § 25-5-11(c), because the guard in question "did not shield the nip-point in which the plaintiff caught his hand." 527 So.2d at 121. In this case, Hogg admitted the failure to install a guard that would have shielded the belt and pulley that severed Mr. Bailey's thumb.
By making the willful and intentional removal of a safety guard the basis for a cause of action without the higher burden of proof of "intent to injure" found in subsection (a), the legislature acknowledged the important public policy of promoting safety in the workplace and the importance of such guards in providing *500 such safety. The same dangers are present when an available safety guard is not installed as are present when the same guard has been removed. To say that an injury resulting from the willful and intentional removal of a safety guard is actionable but that an injury resulting from the willful and intentional failure to install the same guard is not contravenes that important public policy. To hold that the willful and intentional failure to install an available safety guard is not actionable would allow supervisory employees to oversee assembly of new machinery, instruct their employees not to install the safety guards, and then, when an employee is injured due to the lack of a safety guard, claim immunity from suit.
We hold that the willful and intentional failure to install an available safety guard equates to the willful and intentional removal of a safety guard for the purposes of Ala.Code 1975, § 25-5-11(c)(2). There was evidence from which a jury could find that Hogg's failure to have the safety guard installed was willful and intentional. Therefore, the trial court erred in entering summary judgment in favor of Hogg.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
HOUSTON, dissents.
HOUSTON, Justice (dissenting).
"[R]emoval ... n.l.a. The act of removing. b. The fact of being removed." "Remove" means "[t]o take away; to extract; separate." The American Heritage Dictionary of the English Language (1969) at 1101.
The applicable statute defines "willful conduct" as including the following:
"The willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from such removal; provided, however, removal of such a guard or device shall not be willful conduct unless such removal did, in fact, increase the danger of use of the machine and was not done for the purpose of repair of the machine or was not part of an improvement or modification of the machine which rendered the safety device unnecessary or ineffective." (Emphasis supplied.)
Ala.Code 1975, § 25-5-11(c)(2).
There is no evidence that the safety guard was removed from the machine by Hogg. For some unexplained reason, the guard was not installed even after the plant had been in operation for three or four days.
"Install" means "to set in position and connect or adjust for use." The American Heritage Dictionary at 680. To me, there is a distinction between the removing of a guard, which constitutes "willful conduct," and the failure to install a guard. The Legislature made it clear that it intended removal of a safety guard under certain circumstances to constitute "willful conduct." Failure to install a safety guard where there has been no safety guard is "willful conduct" only if it constitutes such conduct under Ala.Code 1975, § 25-5-11(c)(1), as interpreted by this Court in Reed v. Brunson, 527 So.2d 102, 119-21 (Ala.1988).
"All questions of `propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern....'"
Reed v. Brunson, 527 So.2d at 116.
It was clearly mens legislatoris to allow certain removals of safety guards to constitute "willful conduct" without the mens rea required by § 25-5-11(c)(1). Why it chose to distinguish between failure to install safety guards and certain removals of safety guards may raise questions of legislative expediency or wisdom, but the separation of powers (Article III, §§ 42 and 43, Constitution of Alabama of 1901) prevents us from judicially legislating and limits us to determining whether the legislative branch of government had the power to enact the legislation. It did, and all matters of expediency and wisdom of the legislative *501 act are "confided" in the legislative department of the State and we, the judiciary, are enjoined by the people "to never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men." Section 43, Constitution.
The learned trial court did not err in entering summary judgment. I would affirm; therefore, I dissent.
NOTES
[1] Although Annie Bailey is named as a plaintiff in the capition of the complaint, no claim on her behalf is stated in the body of either the complaint or the amended complaint.