565 So.2d 26 (1990)
Donald PRESSLEY
v.
Richard WILTZ.
88-1363.
Supreme Court of Alabama.
March 30, 1990.
Rehearing Denied May 18, 1990.
*27 Jeffrey W. Bennitt of Kizer & Bennitt, Birmingham, for appellant.
John W. Clark, Jr. and Judith E. Dolan of Clark & Scott, Birmingham, for appellee.
ADAMS, Justice.
The appellant, Donald Pressley, appeals from a summary judgment in favor of Richard Wiltz, general manager of S.P. Richards Company, in an action filed pursuant to Ala.Code 1975, § 25-5-11. Pressley alleges that he suffered injuries in a work-related accident when he fell from a lifter that had no guard rails attached to it. He contends that he offered substantial evidence to show that Wiltz was guilty of "willful conduct" as defined by § 25-5-11(c)(1) and (2) and, therefore, that summary judgment was improper. We affirm in part, reverse in part, and remand.
At the outset, we note that § 25-5-11 is part of the Workman's Compensation Act. This portion of the Act allows an employee "to pursue a civil action against a co-employee only if the injury sustained by the worker resulted from the `willful conduct' of the co-employee. Ala.Code 1975, §§ 25-5-11(b), -53; Reed v. Brunson, 527 So.2d 102 (Ala.1988)." Turnbow v. Kustom Kreation Vans, 535 So.2d 132, 134 (Ala.1988). Section 25-5-11(c)(1) and (2) read as follows:
"(c) As used herein, `willful conduct' means:
"(1) A purpose or intent or design to injure another, and where a person, with knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent and purpose of inflicting injury, then he is guilty of `willful conduct.'
"(2) The willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from such removal; provided, however, removal of such a guard or device shall not be willful conduct unless such removal did, in fact, increase the danger of use of the machine and was not done for the purpose of repair of the machine or was not part of an improvement or modification of the machine which rendered the safety device unnecessary or ineffective...."
With regard to § 25-5-11(c)(1), we have stated:
"In Reed [v. Brunson], we held that the legislature's definition of `willful conduct' in § 25-5-11(c)(1) requires an injured worker to show that the co-employee defendant consciously pursued a course of conduct with a purpose, design, or intent to injure someone, and that his actions in furtherance of that purpose, design, or intent resulted in, or proximately caused, the injury upon which suit is brought. 527 So.2d at 119. In so holding, we distinguished `willful conduct' from `wanton conduct' by requiring that the injured worker, in order to prove `willful conduct,' show that the co-employee desired the result of his conduct, i.e., that he intended to injure someone.

"Intent, although incapable of direct proof, can be deduced from the facts of a case and is normally a matter peculiarly within the province of the trier of facts. Walker v. Woodall, 288 Ala. 510, 513, 262 So.2d 756 (1972). However, we held in Reed that, in order for the issue of intent to go to the jury in cases such as these, the plaintiff must present `at least some evidence tending to show either (1) the reason why the co-employee defendant would want to intentionally injure the plaintiff, or someone else, or (2) that a reasonable man in the position of the defendant would have known that a particular result (i.e., injury or death) was substantially certain to follow from his actions.' Reed, 527 So.2d at 120. As to the second alternative, evidence showing only a knowledge and appreciation of a risk of injury (short of substantial certainty that it will occur) will not entitle the plaintiff to a jury determination of whether the co-employee defendant acted with a purpose, intent, or design to injure another. Id."

Turnbow, supra, 535 So.2d at 134. (Emphasis added.) In the present case, there is absolutely no evidence that Wiltz "consciously pursued a course of conduct with a purpose, design, or intent to injure someone." There is evidence that he knew *28 there were no guard rails on the lifter; however, he used the lifter himself without the rails. While there is evidence that Wiltz may have appreciated the risk involved in not having guard rails on the lifter, this alone does not mandate that the issue be submitted to a jury. Id.
We must now consider whether the trial judge erred in entering summary judgment as to Pressley's claim under § 25-5-11(c)(2), which, again, defines "willful conduct" as "[t]he willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from such removal...."
In Bailey v. Hogg, 547 So.2d 498 (Ala. 1989), we noted as follows:
"By making the willful and intentional removal of a safety guard the basis for a cause of action without the higher burden of proof of `intent to injure' found in subsection (a), the legislature acknowledged the important public policy of promoting safety in the workplace and the importance of such guards in providing such safety. The same dangers are present when an available safety guard is not installed as are present when the same guard has been removed."
Id. at 499-500. In the case sub judice, Wiltz contends that no safety guards were on the lifter when he came to work for S.P. Richards. This fact alone, under Bailey, supra, would not shield Wiltz from liability. Pressley contends that on a day prior to the accident, when one of the managers from Atlanta was visiting the warehouse, the management ordered the guard rails put on the lifter for that one day, and that on the day following the manager's visit the rails were removed.[1] Although Wiltz argues that the rails provided by the manufacturer did not meet OSHA standards for full protection and that, subsequent to Pressley's injuries, new rails were ordered that conformed to those standards, this would not necessarily mean that the old guard rails would not have prevented Pressley's fall. Pressley, in his complaint, has alleged that the lack of guard rails was the proximate cause of his injuries, and we are of the opinion that the trial judge erred in entering summary judgment.
For the foregoing reason, the judgment is affirmed with regard to § 25-5-11(c)(1), but is reversed and the cause is remanded with regard to § 25-5-11(c)(2).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES and KENNEDY, JJ., concur.
HOUSTON, J., concurs in the result.
HOUSTON, Justice (concurring in the result).
I concur in the result. See my dissent in Bailey v. Hogg, 547 So.2d 498, 500-01 (Ala. 1989).
NOTES
[1] Pressley admits that Wiltz did not order the rails removed; however, he contends that Wiltz was present when the order was issued and alleges that Wiltz was a party to the discussion regarding the removal.