This appeal arises out of an on-the-job accident that occurred at a manufacturing plant operated by Mobile Paperboard Corporation in Mobile, Alabama. Chris Kruszewski, an employee of Mobile Paperboard, sued co-employee Bob Cason (the plant manager), and Liberty Mutual Insurance Company under the third-party provision of the Workers' Compensation Act (§25-5-11, Ala. Code 1975). This provision allows actions against third parties, but grants a limited immunity to co-employees and to workers' compensation insurance carriers. The trial court entered a summary judgment in favor of Cason and Liberty Mutual. Kruszewski appealed.
On January 8, 1992, Kruszewski was installing a shower system on a paper machine at his workplace. He was injured when his shirt became entangled in an unguarded rotating shaft as he reached across the shaft. The rotating shaft continuously flipped him over until another employee shut the machine off. Kruszewski's knees became dislocated and he had to undergo extensive surgery and other medical treatment. Kruszewski is now totally disabled because of his injuries. He filed a claim for workers' compensation benefits with Liberty Mutual, and he has received all of the workers' compensation benefits to which he is entitled.
 The Co-Employee Claim
Kruszewski alleged that Cason, a co-employee, had failed to install a safety guard on the rotating shaft and that his failure to do so had resulted in Kruszewski's injuries.
Kruszewski relies on § 25-5-11(b), which provides that injured employees shall have a cause of action against co-employees for personal injuries resulting from "willful conduct." Section 25-5-11(c)(2) defines "willful conduct" to include:
 "The willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from the removal; provided, however, that removal of a guard or device shall not be *Page 937 
willful conduct unless the removal did, in fact, increase the danger in the use of the machine and was not done for the purpose of repair of the machine or was not part of an improvement or modification of the machine which rendered the safety device unnecessary or ineffective."
The evidence shows that the shaft that caused Kruszewski's injury was manufactured and installed by Mobile Paperboard, and Kruszewski offered no evidence that any sort of safety device was ever manufactured for this shaft. We therefore hold that Kruszewski failed to present substantial evidence that a safety guard was "available" and that he was injured as a result of a willful and intentional failure on the part of Cason to install an available safety guard.
Kruszewski also cites us to Bailey v. Hogg, 547 So.2d 498
(Ala. 1989), where this Court addressed a co-employee's liability under § 25-5-11. There, the employee was injured when his thumb was caught between a belt and a pulley while the employee was using a machine at a concrete plant. His employer had purchased and assembled the machine, but had failed to install the "guard" that covered the pulley. This Court held that the willful and intentional failure to install anavailable safety guard equates to the willful and intentional removal of a safety guard. The principal distinction between this case and Bailey is the unavailability of a safety guard.
 Workers' Compensation Insurance Carrier Claim
Kruszewski alleged that Liberty Mutual, the workers' compensation insurance carrier, in performing safety inspections at Mobile Paperboard, had negligently or wantonly failed to discover the unguarded rotating shaft. He made no allegation that Liberty Mutual had "willfully" failed to discover the unguarded shaft. Consequently the trial court entered a summary judgment for Liberty Mutual, noting that § 25-5-11 permits a recovery against a workers' compensation carrier only for "willful conduct."
Kruszewski contends that § 25-5-11, which grants limited immunity to workers' compensation insurance carriers, is unconstitutional because, he contends, it violates Art. 1, § 13, of the Alabama Constitution, guaranteeing a right to a remedy.
This Court has previously addressed the constitutionality of the Workers' Compensation Act. For a historical analysis of the Act, see Reed v. Brunson, 527 So.2d 102 (Ala. 1988), and, more specifically, this Court's determination in Reed that §25-5-11's grant of limited immunity to co-employees, was not unconstitutional.
We now use the same analysis set out in Reed v. Brunson to consider the constitutionality of § 25-5-11 as it applies to workers' compensation insurance carriers.
 I. Vested Rights Approach
Regarding the constitutionality of § 25-5-11, we hold that § 13 of the Alabama Constitution applies only in instances where a litigant has a vested interest in a particular cause of action. Existing duties are not preserved against legislative change made before a breach of duty occurs. Kruszewski's injuries occurred after the provisions of § 25-5-11 had become effective. Therefore, considered under the vested rights approach, § 25-5-11 does not violate § 13. Reed v. Brunson.
 II. The "Common Law Rights Approach"
The "common law rights approach" is frequently used to review legislation under § 13. Reed v. Brunson. Generally, legislation that abolishes or alters a common law cause of action is automatically suspect under § 13. However, it is not automatically invalid. Such legislation will survive constitutional scrutiny if one of two conditions is satisfied:
 " '1. The right is voluntarily relinquished by its possessor in exchange for equivalent benefits or protection, or
 " '2. The legislation eradicates or ameliorates a perceived social evil and is thus a valid exercise of the police power.' "
Reed v. Brunson, 527 So.2d at 115, quoting Fireman's FundAmerican Ins. Co. v. Coleman, 394 So.2d 334, 352 (Ala. 1980) (Shores, J., concurring in the result). *Page 938 
These alternatives are two different aspects of the quid pro quo concept. " '[A] right may be abolished if the individual possessor receives something in return for it . . ., or if society at large receives a benefit (thereby justifying exercise of the police power).' " Reed v. Brunson, 527 So.2d at 115, quoting Fireman's Fund, 394 So.2d at 352 (Shores, J., concurring in the result).
Reed v. Brunson is instructive in its statement that the remedy of a common law action against an employer or a co-employee for damages based on personal injuries caused by negligence or wantonness — with such an action's attendant uncertainties of amount and time — can be relinquished in exchange for the remedy provided by the Workers' Compensation Act for such personal injuries, with that remedy's certainties. For an injury done to him, the employee is choosing one means by which a violation of a right is prevented, redressed, or compensated for another means by which a violation of the right is prevented, redressed, or compensated. There is a quid pro quo: remedy for remedy. We hold that the same must be true as to the workers' compensation insurance carrier.
Here, the employee may give up the uncertain remedy of a common law action against the workers' compensation insurance carrier for damages based on personal injuries caused by negligence or wantonness (in this case, a negligent safety inspection), in exchange for the certain remedy provided by the Act. Here again, the employee is exchanging one means by which a violation of a right is prevented, redressed, or compensated, for another means. Our consideration of the first condition set out by Justice Shores in her opinion concurring in the result in Fireman's Fund American Ins. Co. v. Coleman, 394 So.2d 334
(Ala. 1980), as a part of the common law rights approach requires a holding that the plaintiff has not shown the Act to be unconstitutional.
Our consideration of the second condition requires the same conclusion. As in Reed v. Brunson, the only question for this Court in the present case is whether the Legislature has the power to eliminate actions by employees against workers' compensation insurance carriers based on negligence or wantonness. We hold that it has such power.
Therefore, we hold that the Legislature's grant of limited immunity to workers' compensation insurance carriers under § 25-5-11 does not violate § 13 of the Alabama Constitution.
The trial court properly entered the summary judgment in favor of Cason, the co-employee, and Liberty Mutual, the workers' compensation insurance carrier. That judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, KENNEDY and COOK, JJ., concur.