Facts
These actions arose under § 25-5-11, Ala. Code 1975. The plaintiffs claimed damages for injuries they claimed to have suffered from an alleged exposure to asbestos during their employment. The plaintiffs, Joseph Barron and others,[1] worked for many years at a plant in Pelham operated by Sepco Corporation. For many years, Sepco manufactured asbestos-containing products at that plant, until August 1984, when the plant was destroyed by fire.
The plaintiffs sued their supervisory co-employees Vernon W. Gibson, Sr., Vernon Gibson, Jr., James Sikes, James Ross, Richard Reynolds, and Garry Dodson. They alleged that those co-employees had a duty to provide them with a safe work place and that they had negligently or wantonly breached that duty by exposing the plaintiffs to the hazards of asbestos without providing adequate safety equipment and safety procedures for protection against those hazards. The plaintiffs did not allege willful conduct on the part of these defendants.
The plaintiffs also sued CNA insurance company, Commercial Union Insurance Company, and Fireman's Fund Insurance Companies, Sepco's workers' compensation insurance carriers, alleging that the carriers had negligently performed their undertaking to inspect the plaintiffs' workplace and had negligently failed to recommend to Sepco the complete removal of asbestos. The plaintiffs did not allege willful conduct on the part of these defendants.
The co-employee defendants moved for a judgment on the pleadings arguing that the exclusive remedy provisions of the Workers' Compensation Act, Ala. Code 1975, § 25-5-11, barred the plaintiffs' negligence claims. After oral argument on their motion, the trial court, treating the motion as a motion for summary judgement, entered a judgment in favor of the co-employee defendants and made it final pursuant to Rule 54(b), Ala.R.Civ.P.
The defendant insurance carriers filed motions for summary judgment, arguing that the exclusive remedy provisions of the Workers' Compensation Act, Ala. Code 1975, § 25-5-11, barred the plaintiffs' negligence claims. The trial court entered a summary judgment in favor of the carriers. The trial court's judgment for these defendants expressly stated that it did not address factual issues, but, rather, was based purely on legal principles applied to the pleadings.
The plaintiffs appeal as to each defendant. All five appeals involve the same issue of law.
 Issue
Do the plaintiffs state a cause of action under Alabama law? Specifically, does the effective date provision, § 14, Act No. 85-41, Ala. Acts 1984-85, have the effect of preserving the plaintiffs' cause of action? The plaintiffs argue that the "effective date" provision of Act No. 85-41 makes the provisions of that Act inapplicable to their claims against co-employees and workers' compensation insurance carriers based on exposure to asbestos that occurred before 1985.
 Discussion
Before 1985, co-employees and workers' compensation carriers could be civilly liable for personal injuries caused by their negligence or wantonness. In 1985, the legislature passed Act No. 85-41, which amended the Alabama Workers' Compensation Act to bar claims against co-employees and workers' compensation carriers based on negligence or wantonness. Under Act No. 85-41, a co-employee or workers' compensation carrier *Page 738 
is liable only for willful conduct that results in injury or death to the employee.
As amended by Act No. 85-41, § 25-5-53, part of the workers' compensation law, provides, in pertinent part:
 "The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment. In addition, immunity from civil liability for all causes of action except those based upon willful conduct shall also extend to the workers' compensation insurance carrier of the employer. . . ."
Section 25-5-11(b), also a part of the Workers' Compensation Act (and which also was amended by Act No. 85-41), limits actionable claims by an employee against the employer's workers' compensation insurance carrier to claims based on the "willful conduct" of the carrier. That section provides:
 "If personal injury or death to any employee results from the willful conduct, as defined in subsection (c) herein, of any officer, director, agent, or employee of the same employer or any workers' compensation insurance carrier of the employer . . ., the employee shall have a cause of action against the . . . workers' compensation carrier. . . ."
Section 25-5-11(c)(1) defines "willful conduct" in pertinent part as:
 "A purpose or intent or design to injure another; and if a person, with knowledge of the danger or peril to another, consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he or she is guilty of 'willful conduct.' "[2]
The legislative intent, to provide immunity against causes of action except those based on willful conduct, is set forth in § 25-5-14 (which was a part of Act No. 85-41):
 "The legislature finds that actions filed on behalf of injured employees against officers, directors, agents, servants or employees of the same employer seeking to recover damages in excess of amounts received or receivable from the employer under the workers' compensation statutes of this state and predicated upon claimed negligent or wanton conduct resulting in injuries arising out of and in the course of employment are contrary to the intent of the legislature in adopting a comprehensive workers' compensation scheme and are producing a debilitating and adverse effect upon efforts to retain existing, and to attract new industry to this state. Specifically, the existence of such causes of action places this state at a serious disadvantage in comparison to the existing laws of other states with whom this state competes in seeking to attract and retain industrial operations which would provide better job opportunities and increased employment for people in this state. The existence of such causes of action, and the consequent litigation resulting therefrom, results in substantial costs and expenses to employers which, as a practical matter, must either procure additional liability insurance coverage for supervisory and management employees or fund the costs of defense, judgment or settlement from their own resources in order to retain competent and reliable personnel. The existence of such causes of action has a disruptive effect upon the relationship among employees and supervisory and management personnel. There is a total absence of any reliable evidence that the availability of such causes of action has resulted in any reduction of the number or severity of on-the-job accidents or of any substantial improvement on providing safe working *Page 739 
conditions and work practices [sic]. The intent of the legislature is to provide complete immunity to employers and limited immunity to officers, directors, agents, servants or employees of the same employer and to the workers' compensation insurance carrier and compensation service companies of the employer or any officer, director, agent, servant or employee of such carrier or company and to labor unions and to any official or representative thereof, from civil liability for all causes of action except those based on willful conduct and such immunity is an essential aspect of the workers' compensation scheme. The legislature hereby expressly reaffirms its intent, as set forth in Section 25-5-53, as amended herein, and Sections 25-5-144 and 25-5-194, regarding the exclusivity of the rights and remedies of an injured employee, except as provided for herein."
The plaintiffs, relying on § 14 of the Act No. 85-41, the effective date provision of that act, contend that Act No. 85-41 does not apply to claims against co-employees or insurance carriers based on injuries resulting from exposure to asbestos where the exposure occurred before 1985. That section provides:
 "Section 14. This act shall become effective immediately upon its passage and approval by the Governor or upon its otherwise becoming a law, provided it shall have no effect whatsoever with respect to the right of any injured employee to bring an action with respect to or upon any cause of action which arose or accrued prior to February 1, 1985. Provided further, it shall have no effect on and shall not apply to any accident or exposure to injurious condition occurring before the effective date of this Act."
1984-85 Ala. Acts., No. 85-41, § 14.
First, the plaintiffs argue that the first sentence of § 14 saves pre-amendment asbestos-exposure actions. They present the novel argument that their causes of action arose at the time of the injury, i.e., when the asbestos exposure occurred; yet, they say, their causes of action did not accrue until the plaintiffs learned of their asbestos-related condition, citing § 6-2-30, Ala. Code 1975. In other words, the plaintiffs assert that there are two "accrual dates" for their claims: one date to avoid § 14, Act. No. 85-41, and another to bring their claims within the coverage of the statute of limitations. In support of their argument, the plaintiffs argue that the words "arising" and "accruing" are made alternatives by the use of the word "or." We disagree.
The statute of limitations for asbestos claims, Ala. Code 1975, § 6-2-30(b), provides that a civil action for any injury to the person or rights of another resulting from exposure to asbestos shall be "deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action." Once the cause of action accrues, the plaintiff has two years to bring an action. Ala. Code 1975, § 6-2-38. In the context of an asbestos case, it is impossible to ascertain the precise date of injury, so the traditional date-of-injury test for determining the date on which a tort cause of action arises cannot realistically be applied. Therefore, for asbestos claims, the legislature created an exception to the traditional date-of-injury test. Under § 6-2-30, the date a cause of action for an asbestos injury "arises" and "accrues" is determined under the discovery provisions of § 6-2-30; it is not the date the plaintiff was exposed to asbestos. These plaintiffs filed their complaints on December 28, 1993. For their complaints to be within the limitations period of § 6-2-30, the causes of action must have "arisen" or "accrued" on or after December 28, 1991; that date was more than six years after the effective date of Act No. 85-41. Because the plaintiffs' causes of action arose after the effective date of Act No. 85-41, we hold that their claims are barred by the exclusive remedy provisions of §25-5-11.
As to the plaintiffs' argument that the phrase "arising or accruing" must be interpreted as stating alternatives — by the use of the word "or" — we note that "this court is at liberty in ascertaining the intent of the legislature to construe the disjunctive conjunction 'or' and the conjunctive conjunction 'and' interchangeably." Ex parte Jordan, *Page 740 592 So.2d 579, 581 (Ala. 1992). In addition, while in certain contexts the words "arise" and "accrue" could have different meanings, we find the terms as used in Act No. 85-41 to be interchangeable.
Next the plaintiffs assert that their negligence and wantonness claims are governed by pre-1985 law because, they say, their alleged "exposure to dangerous conditions" occurred before the effective date of Act No. 85-41, January 9, 1985. We disagree. This Court's interpretation of the last sentence of § 14, Act No. 85-41, is governed by our decision in Twilley v.Daubert Coated Products, Inc., 536 So.2d 1364 (Ala. 1988).
In Twilley, an employee sued his employer under § 25-5-11.1, Ala. Code 1975, another Code section taken from Act No. 85-41, alleging that his employment had been terminated in retaliation for his filing a workers' compensation claim. The employee's injury had occurred in 1984, before the effective date of Act No. 85-41, but the alleged wrongful termination occurred on January 15, 1985, after the effective date of the Act. The employer contended on appeal that the employee could not state a claim for wrongful termination because the employee's workplace injury had occurred before the effective date of the Act. This Court rejected that argument and held:
 "The last sentence of the effective date provision obviously refers to claims for workman's compensation benefits. The major thrusts of the act are to change co-employee liability and to change workman's compensation benefits. Thus, the two different effective date provisions of § 14 can be reconciled by inferring that the act does not change benefits with respect to workplace injuries occurring prior to its effective date of January 9, 1985 and that it does not affect any cause of action arising or accruing prior to February 1, 1985 such as a co-employee action or an attempted wrongful termination action."
536 So.2d at 1370.
Under Twilley, the second sentence of § 14 relating to "any accident or exposure to injurious condition occurring before the effective date of [Act No. 85-41]" applies only to claims for workers' compensation benefits and not to claims against workers' compensation carriers or co-employees. Therefore, we hold that the plaintiffs' claims were not preserved under the second sentence of § 14.
In summary, the plaintiffs' claims are barred because those claims do not fall into either of the two savings provisos of § 14. This interpretation is consistent with the legislature's intent to provide immunity against all claims except those based on willful conduct.
1941294 — AFFIRMED.
1941295 — AFFIRMED.
1941296 — AFFIRMED.
1950013 — AFFIRMED.
1950248 — AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, INGRAM, and COOK, JJ., concur.
BUTTS, J., dissents.
[1] The other plaintiffs are Grady Buckner, Willie Payne, Matthew Smith, Jimmie Sullens, Garlie Davis, Wayne Cummings, Linnie Cumberland, Joe Gaston, and Thelma Lee Gilliam.
[2] For a review of the constitutional issues arising from the §25-5-11 grant of limited immunity as it applies to co-employees and workers' compensation insurance carriers, see Reed v. Brunson, 527 So.2d 102 (Ala. 1988), and Kruszewski v. Liberty Mut. Ins. Co., 653 So.2d 935 (Ala. 1995).