On Application for Rehearing

CRAWLEY, Judge.
The opinion of January 12, 2001, is -withdrawn, and the following is substituted therefor.
John Murray, an employee of Dana Corporation, was injured while attempting to dislodge a die from a punch press at a plant operated by Dana. Somehow, while Murray was working on the press, it was activated, and Murray’s arm was amputated. He sued 15 coemployees,[1] including Ron Manz, the plant manager; Eugene Butler, the manufacturing manager; and Jon PidwerbecM, the plant engineer, alleging that they had engaged in “willful conduct” as defined in Ala.Code 1975, § 25-5-11(c)(2), either by intentionally disabling or by failing to maintain or repair a safety device on the press known as a “light curtain.”[2] The trial court entered a summary judgment for these three coemploy-ees. Murray appealed that summary judgment to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’” Lee, 592 So.2d at 1038. “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d). See West, 547 So.2d at 871, and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for further discussion of the application of the summary-judgment standard.
Section 25-5-ll(e)(2) reads:
“(c) As used herein, ‘willful conduct’ means any of the following:
“(2) The willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from the removal; provided, however, that removal of a guard or device shall not be willful conduct unless the removal did, in fact, increase the danger in the use of the machine and was not done for the purpose of repair of the machine or was not part of an improvement or modification of the machine *921 which rendered the safety device unnecessary or ineffective.”
(Emphasis added.)
The Alabama Supreme Court has commented: “Section 25 — 5—11 (c)(2) cannot be construed to allow a coemployee action in every situation where an employee is injured on the job. The legislature expressly limited exceptions to the exclusivity of the workers’ compensation scheme.” Layne v. Carr, 631 So.2d 978, 982 (Ala.1994). Instead, to succeed in an action under § 25-5-ll(c)(2), a plaintiff must prove:
“1. The safety guard or device [was] provided by the manufacturer of the machine;
“2. The safety guard or device [was] removed from the machine;
“3. The removal of the safety guard or device ... occurred with knowledge that injury would probably or likely result from that removal; and “4. The removal of the safety guard or device [was] not ... a part of a modification or an improvement that rendered the safety guard or device unnecessary or ineffective.”
Harris v. Gill, 585 So.2d 831, 835 (Ala. 1991). The term “removal” has been extended to include the failure to install a safety guard or device, Bailey v. Hogg, 547 So.2d 498 (Ala.1989); the bypassing of a safety guard or device, Harris, 585 So.2d at 837; and the failure to repair or maintain a safety guard or device, Moore v. Reeves, 589 So.2d 173 (Ala.1991). To defeat a summary-judgment motion, Murray had to present substantial evidence creating a genuine issue of material fact as to whether the coemployee defendants “willfully and intentionally [disabled or failed to repair] the safety guard or device ... and did so with knowledge that injury would likely or probably result from [that failure].” Harris, 585 So.2d at 835.
The coemployees argue that the summary judgment was proper because Murray presented no evidence indicating that the light curtain was a “safety device provided by the manufacturer of the machine.” § 25-5-ll(c)(2); see also Harris v. Gill, 585 So.2d 831, 835-36 (Ala.1991). We agree. The press, which was originally manufactured by Rovetta, was purchased by Dana Corporation, as used equipment, from ITT Aimco; it was ITT Aimeo, not the original manufacturer, that had installed the light curtain as a safety device. In Harris, the supreme court did hold that the term “manufacturer,” as used in § 25-5-ll(c)(2), “include[s] not only the original manufacturer ... but also a subsequent entity that substantially modifies or materially alters the [machine] through the use of different components and/or methods of assembly.” Harris, 585 So.2d at 836.
In Harris, the plaintiff was injured while operating a punch press. Id. at 834. The punch press had been purchased from another manufacturing company by his employer, Coyne Cylinder Company (the “company”); when the company purchased the press it was used and inoperable. Id. at 833. The company reworked the punch press to make it operational and to outfit it for processing metal collars. Id. The press was operated by palm-control buttons. Id. At some point during the use of the press, the company began making new collars, which, by their design, would fall off the punch press when the operator removed his hands to operate the palm-control buttons. Id. To correct this problem, the company had its engineers devise a foot-pedal system for the punch press that would bypass the use of the palm-control buttons. Id. The supreme court held that the company was, in that particular case, the “manufacturer” of the machine for the purposes of § 25-5-ll(c)(2). Id. at 836. The company, according to the *922 court, had reconstructed the unusable press into a working machine. Id.
The coemployees argue that, unlike the company in Hams, neither ITT Aimco nor Dana Corporation “substantially modifiefd] or materially alter[ed] the [machine] through the use of different components and/or methods of assembly.” Hams, 585 So.2d at 836. Conversely, Murray argues that ITT Aimco’s addition of the light curtain makes it a manufacturer under the definition set out in Harris. However, Murray presented no evidence concerning the extent of the changes in or to the punch press that were involved in the addition of the light curtain. He presented only evidence indicating that the light curtain was added to the machine by ITT Aimco. Without some evidence indicating that the addition of the light curtain “substantially modifie[d] or materially alter[ed] the [machine] through the use of different components and/or methods of assembly,” id., we cannot hold that its addition was sufficient to make ITT Aimco a manufacturer for the purposes of § 25 — 5—11 (c)(2).
Although we certainly understand why Murray would believe that this court should consider the fact that the press had been operated with the light curtain since it was installed at the Dana Corporation plant as somehow indicating that the press itself was operated as if the light curtain had been an original part from the original manufacturer, we are constrained by the definition in Hams. Certainly, it could be argued that the beneficent purposes of the Alabama Workers’ Compensation Act would be better served by modifying the definition of “manufacturer” developed by our supreme court in Harris to include as a “manufacturer” an entity that adds a safety device that a subsequent purchaser continues to use once the machine is put into use at the purchaser’s place of business. However, the definition of “manufacturer” in Harris is not expansive enough to permit us to hold that ITT Aimco was a manufacturer for the purposes of § 25 — 5—11 (c) (2). Therefore, the summary judgment in favor of the coem-ployees is affirmed.
APPLICATION GRANTED; OPINION OF JANUARY 12, 2001, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
PITTMAN, J., concurs.
THOMPSON and MURDOCK, JJ„ concur in the result.
YATES, P.J., dissents.

. Thirteen of the 15 coemployees were either voluntarily or involuntarily dismissed from the action prior to the entry of a summary judgment for the remaining coemployees and are not parties to this appeal.

. The light curtain is formed by a group of light sources that beam light across the front of the press to corresponding reflectors. If the beam is broken, by a body part or other item, the jaws of the press will not close.