I concur with the main opinion solely because it correctly interprets § 25-5-11, Ala. Code 1975, thereby precluding recovery by Terry Ford for the injuries he suffered. I am writing specially because I believe that in this case the statute does not adequately fulfill its intended purpose of providing a cause of action for injury or death resulting from the willful conduct of a third party, and I call upon the Alabama Legislature to correct the wording of the statute so that equity may be served in future claims of this nature.
Section 25-5-11, Ala. Code 1975, provides a cause of action for an employee or the employee's estate to recover damages from a third party for personal injury or death that "results from the willful conduct, as defined in subsection (c) herein, of any . . . employee of the same employer. . . ." § 25-5-11(b), Ala. Code 1975. "[T]he willful and intentional failure to install an available safety guard equates to the willful and intentional removal of a safety guard for the purposes of Ala. Code 1975, § 25-5-11(c)(2)." Bailey v. Hogg, 547 So.2d 498,500 (Ala. 1989).
Terry Ford was injured on the job that he had held for about two weeks when he lost control of a large vacuum hose and his arm was drawn into it. An experienced coworker had set the machine up without using a "safety T," which some evidence indicates might have prevented, or substantially reduced the severity of, Ford's injuries. Testimony was presented indicating that Ford's employer kept a stock of the safety T's on hand, and the evidence established that the company required the use of the safety T for every job involving a vacuum.
Ford's injuries required surgery and physical therapy. He also received psychological treatment and did not return to work for nearly nine months after the accident. Although it would seem that Ford could have a cause of action under subsection (c) as defined above and in Hogg, that is not to be, as evidenced by the main opinion, because an action for recovery for damages is precluded by subsection (c)(2), which provides an action for the "willful and intentional removal from a machine of a . . . safety device provided by the manufacturerof the machine. . . ." (Emphasis added.) In short, merely because the uninstalled safety T was not provided by the manufacturer of the vacuum machine, Terry Ford cannot recover for his injuries.
I believe Terry Ford has suffered an injustice. Unfortunately, the statute as currently worded does not afford him a remedy. As tempting as it might be to expand the statute beyond its plain meaning and to afford him the remedy he rightfully deserves, by doing so we as judges would be usurping a role that does not belong to us. Judge Robert Bork wrote of just such a judicial temptation to engage in political activism:
 "In law, the moment of temptation is the moment of choice, when a judge realizes that in the case before him his strongly held view of justice, his political and moral imperative, is not embodied in a statute or in any provision of the Constitution. *Page 508 
He must then choose between his version of justice and abiding by the American form of government. Yet the desire to do justice, whose nature seems to him obvious, is compelling, while the concept of constitutional process is abstract, rather arid, and the abstinence it counsels unsatisfying. To give in to temptation, this one time, solves an urgent human problem, and a faint crack appears in the American foundation. A judge has begun to rule where a legislator should."
Robert Bork, The Tempting of America: The PoliticalSeduction of the Law 1 (McMillan, Inc., 1990). As Judge Bork warned, judges are to apply, not make, law. If we were to expand the statute in this case to produce the result we would like to see, we would usurp a power the Framers of our constitutional system wisely reserved to the legislative branch of government. In fact, we are at the outer parameter of our authority when we interpret and apply the law as enacted by the legislature, call an unfortunate result to the attention of the legislature, and urge it to take corrective action.