[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1251 
Lowell Bean and his wife, Irene,[1] appeal from a summary judgment entered in favor of defendant C.C. Craig, Jr. ("Craig"), and made final pursuant to Rule 54(b), A.R.Civ.P. Claude C. Craig III, another defendant, also appeals.
On or about September 19, 1985, Lowell Bean was working for Craig's, Inc., doing business as Western Auto, on a truck that was owned by the company. The truck was elevated by an automobile lift that was secured with a tire iron in the slot where a safety pin would normally be placed.
Prior to the accident, C.C. Craig III ("Cebo"), Craig's son, also worked under the truck for several hours. Although there is some dispute as to the exact details, at some point after Cebo finished the repairs and while Bean was walking by the truck, the lift collapsed, injuring him.
After receiving workmen's compensation benefits, Bean filed this co-employee and third-party action against Craig, Cebo, and fictitiously named defendants, claiming damages for injuries he sustained as a result of the accident. His complaint alleged that his injuries were the proximate result of the following: (1) a failure of Craig to provide a safe work environment; (2) wanton and negligent operation of the automobile lift by Cebo; (3) Cebo's removal or failure to use the lift's safety pin mechanism, which he claimed was willful and intentional; and (4) negligent and wanton manufacturing and distribution of the lift by an unknown manufacturer.
Craig and Cebo filed motions for summary judgment, relying principally on Ala. Code 1975, §§ 25-5-11 and 25-5-14, affidavits, and deposition testimony. The motions were continued on two separate occasions to allow additional discovery, after which a hearing was held at which the trial court heard oral argument. The trial court granted the motion for summary judgment in favor of Craig, but denied the motion as to Cebo and found Cebo not to be a co-employee of Bean.
Bean argues that summary judgment in favor of Craig was in error and he cites disparities between Craig's and Cebo's deposition testimony, as well as an affidavit by a witness to the accident, in support of his claim that there are disputes as to material issues of fact. However, the small contradictions in the testimony fail to support his argument, and Bean fails to produce any credible evidence that Craig possessed a design, intent, or purpose to cause injury or to harm him, which must be shown in order to state a cause of action under § 25-5-11(c). By Bean's own admission, he cannot show any reason why Craig would have wanted to harm him; rather, he contends that Craig should have realized that an accident was likely to occur, because of the condition of the lift. He cites Craig's deposition, which states:
 "Q. Mr. Craig, do you have a judgment as to whether or not the lift, we've been referring to it as Lift 'B,' that its condition on the date of the accident was more or less dangerous than the lift that had the safety pin and was functioning in a proper manner? "A. More dangerous.
 "Q. And you were aware of that on the date of the accident? *Page 1252 
"A. That's correct.
". . . .
 "Q. How did you become aware of the defective seal in Lift 'B'?
 "A. Fluid, hydraulic fluid would bubble from around the seal.
". . . .
 "Q. Had it ever failed to function property using that definition at any time prior to Mr. Bean's injury?
"A. Yes.
"Q. When was that, sir?
"A. I don't know, I don't recall.
". . . .
 "Q. Subsequent to the prior incident and prior to Mr. Bean's injury did you issue any instructions on the use of Lift 'B'?
"A. Yes, I did.
"Q. What were those instructions?
 "A. For it to be only used if necessary and to be used to lift a vehicle no higher than to remove a tire from a vehicle.
 "Q. In your judgment how high would that have caused the lift to rise?
"A. Approximately a foot."
Despite the fact that Craig was aware of a risk in operating the lift, this evidence tends to prove only negligent, and not willful, conduct. The legislature, in recognizing the difference between negligent and willful actions, sought to ensure that cases of this type would not be submitted to a jury without some evidence showing either: (1) the reason why the co-employee would want to intentionally injure the plaintiff, or someone else, or (2) that a reasonable person in the position of the defendant would have known that a particular result was substantially certain to follow from his actions.Reed v. Brunson, 527 So.2d 102 (Ala. 1988). An employee may be liable for injuries sustained by a fellow employee only when such injury is caused by the offending employee's willful conduct. Reed, supra, at 119. Ala. Code 1975, § 25-5-11(c), states in pertinent part:
"(c) As used herein, 'willful conduct' means:
 "(1) A purpose or intent or design to injure another; and where a person, with knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent and purpose of inflicting injury, then he is guilty of 'willful conduct.'
 "(2) The willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from such removal; provided, however, removal of such a guard or device shall not be willful conduct unless such removal did, in fact, increase the danger of use of the machine and was not done for the purpose of repair of the machine or was not part of an improvement or modification of the machine which rendered the safety device unnecessary or ineffective."
A plaintiff suing a co-employee must show facts tending to prove that the co-employee set out purposefully, intentionally, or by design to injure someone; a showing of mere negligence is not enough. Reed, supra. Evidence showing only a knowledge or an appreciation of a risk of injury will not entitle a plaintiff to a jury determination of whether the co-employee acted with a purpose, intent, or design to injure another.Turnbow v. Kustom Kreation Vans, 535 So.2d 132, 134 (Ala. 1988). A co-employee must either have actual knowledge that an injury will occur from his actions or have substantial certainty that injury will occur. Id.
In the present case, Bean did not produce substantial evidence that would entitle him to present his action against Craig to a jury. On motion for summary judgment, when the movant makes a prima facia showing that no genuine issue of material fact exists, the burden shifts to the non-movant to show "substantial evidence" in support of his position. The non-movant's burden is now greater than in the past, because the scintilla rule has been abolished. See Rule 56(c), A.R.Civ.P.; § 12-21-12; Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794 (Ala. 1989). On appeal from a summary judgment, an appellate court looks at the same factors *Page 1253 
that the court below considered in ruling on the motion.Smith v. Citicorp Person-to-Person Fin. Centers, Inc.,477 So.2d 308 (Ala. 1985). Because we find insufficient evidence to support Bean's position that Craig was not his co-employee or that, if he was, he willfully caused Bean's injury, we affirm the trial court's summary judgment in favor of Craig.
In addition to Bean's appeal, Cebo also appeals, alleging that it was error for the trial court to find in its order that he was not a co-employee. He argues that this was a fact issue that should have been submitted to the jury, and he asks this Court to modify the trial court's order regarding this finding and to order the trial court to enter summary judgment in his favor.
When multiple parties are involved, a court may, by following a certain procedure, direct the entry of a final judgment as to fewer than all of the claims or parties. A.R.Civ.P., Rule 54(b). An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved. Taylor v. Taylor, 398 So.2d 267 (Ala. 1981). A summary judgment operates as an adjudication on the merits of a claim. McMillon v. Hunter, 439 So.2d 153, 154 (Ala. 1983). In contrast, the denial of a motion for summary judgment is not a judgment, Food Service Distributors, Inc. v. Barber,429 So.2d 1025 (Ala. 1983), and is therefore not appealable. Thus, Cebo's appeal is due to be dismissed. Nevertheless, we make the following observation about Cebo's contentions, because the judgment in favor of Craig is properly here on Bean's appeal and the order supporting that judgment contains the holding against Cebo on which the denial of his summary judgment motion was based.
Although the trial judge in this instance declared, in his order, that Cebo was not a co-employee of Bean's and, therefore, was not entitled to rely on the defenses of the workmen's compensation act, this purported finding should not be dispositive at trial. It is only where the facts are such that all reasonable people must draw the same conclusions from them that a question is considered one of law for the court; unless the evidence is free from doubt or adverse inference, the question is one for the jury. Turner v. Peoples Bank ofPell City, 378 So.2d 706 (Ala. 1979). A review of the record reveals several factors that indicate Cebo may not have been an employee of Craig's, Inc. For instance, Cebo had no set work hours and was not required to sign in; he had no specific duties and was usually paid in cash; and he was not listed as an employee for income tax reporting purposes. Nevertheless, Cebo contends that he worked at the store, was paid the minimum wage, and thought of himself as an employee. The function of the jury, which is authorized to draw all reasonable inferences from the evidence, is to resolve controverted factual inferences. George v. Nevett, 462 So.2d 728 (Ala. 1984). Because in this instance there is conflicting evidence from which more than one inference may be drawn, the issue of whether Cebo was a co-employee of Bean should be a question for the jury.
For the foregoing reasons, the judgment is affirmed.
88-623, AFFIRMED.
88-693, DISMISSED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] Irene Bean filed an action for loss of consortium, which will not be addressed separately in this opinion, because it is derivative of her husband's cause of action.