STEAGALL, Justice.
William Allen Weaver sued co-employees Ben Frazer and Philip Smithson, alleging that he was injured as a result of what he alleged to be their willful conduct in instructing him to use an improper pump to pump acid into a water tank. The trial court entered a summary judgment in favor of Frazer and Smithson. Weaver appeals.
Weaver was injured when a hose came off of an air-driven pump, causing sulfuric acid to be sprayed on his back and legs. At the time of his injury, Weaver, employed as a maintenance mechanic by Spun Steel, Inc. (now known as Gates Power Drive Products, Inc.), was working in the water treatment room pumping acid into a holding tank. Frazer was the employer’s operations manager and Smithson was its manager of manufacturing services.
On the day of the accident, the electric pump normally used to pump acid into the tank was not working. Consequently, Weaver disconnected the electric pump and connected an air-driven pump. Weaver testified that although he was uncertain about what caused the hose to come off, he believed that the hose came off because of the pressure created by pumping acid with an air pump. In response to the co-employees’ motion for summary judgment, Weaver presented the affidavit of Sam K. Pierce, a plant safety expert, who swore that the use of the air pump to pump acid caused pressure to build until the clamp connecting the hose came off and that “[t]he use of the incorrect pump creates an unsafe working condition by OSHA definition.”
Weaver contends 1) that Smithson and Frazer knew or should have known that an air pump should not be used to pump acid because of the potential pressure build-up, which could cause injury or death, and 2) that Smithson and Frazer breached their affirmative duty to maintain a safe work place imposed by Ala.Code 1975, § 25-1-1.
This case was filed after June 11, 1987; accordingly, the “substantial evidence rule” applies to the ruling on the motion for summary judgment. See Ala.Code 1975, § 12-21-12. “Once a movant makes a prima facie showing that there is no genuine issue of material fact, the nonmov-ant must show that there is ‘substantial evidence’ in support of his position in order to withstand a motion for summary judgment.” Cobb v. Southeast Toyota Distributors, Inc., 569 So.2d 395 (Ala.1990) (citation omitted). In Bean v. Craig, 557 So.2d 1249 (Ala.1990), this Court said:
“The legislature, in recognizing the difference between negligent and willful actions, sought to ensure that cases [based on an alleged willful conduct of a co-employee] would not be submitted to a jury without some evidence showing either: (1) the reason why the co-employee would want to intentionally injure the plaintiff, or someone else, or (2) that a *202 reasonable person in the position of the defendant would have known that a particular result was substantially certain to follow from his actions. An employee may be liable for injuries sustained by a fellow employee only when such injury is caused by the offending employee’s willful conduct.
“A plaintiff suing a co-employee must show facts tending to prove that the co-employee set out purposefully, intentionally, or by design to injure someone; a showing of mere negligence is not enough. Evidence showing only a knowledge or an appreciation of a risk of injury will not entitle a plaintiff to a jury determination of whether the co-employee acted with a purpose, intent, or design to injure another. A co-employee must either have actual knowledge that an injury will occur from his actions or have substantial certainty that injury will occur.”
557 So.2d at 1252.
The record reveals that Weaver had used the air pump to pump acid on one occasion prior to the accident. On that occasion, the electric pump was not working and Smithson had instructed Weaver to use the air pump. Weaver could not remember having any problem with the air pump on that occasion, and he did not know of any problem with using the air pump to pump acid. On the day of the accident, Weaver did not ask anyone whether he should use the air pump, nor did he tell anyone that he was going to use it. Weaver testified that he knew to use the air pump on the day of the accident because Smithson had instructed him to use the pump “before.”
Weaver testified that when he returned to work he met with Frazer, Smithson, and the employer’s industrial relations manager to discuss the accident and that during this meeting, Frazer, upon learning that Weaver had used the air pump to pump acid, asked Smithson whether he knew that “that’s a violation and that’s not the type pump to be used.”
Both Frazer and Smithson submitted affidavits stating that there had been no problem previously with the air pump; that they were unaware of any problem with pumping acid with the air pump; and that, according to the distributor of the- air pump, it was safe and proper to use the pump to pump acid.
Based on the foregoing, we conclude that Weaver has not presented substantial evidence that Frazer and Smithson would want to intentionally injure him, or anyone else; nor has Weaver presented substantial evidence that Frazer or Smithson knew that Weaver’s injuries were substantially certain to follow from their actions. Moreover, Weaver has failed to present substantial evidence that Frazer or Smithson breached their duty to maintain a safe work place imposed by Ala.Code 1975, § 25-1-1.
Accordingly, the trial court correctly entered the summary judgment. We affirm.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.