SHORES, Justice.
The plaintiff, Rusty Thompson, appeals from a summary judgment entered for the defendant, Dr. Bernard Eichold II, who had been sued in his capacity as health officer of Mobile County, Alabama. We affirm.
On July 6, 1990, Dr. Eichold filed a lawsuit, seeking an injunction ordering Thompson to bring his property, located at 6183 Avalon Drive, Mobile, Alabama, into compliance with the health laws, rules, and regulations governing on-site sewage treatment and disposal. Thompson’s septic tank system appeared to be malfunctioning and thereby allowing raw sewage to surface on his neighbor’s property. Health inspectors visited the site and determined that Thompson’s system was the cause of the problem. They contacted the original installer, who consulted with Thompson and offered to repair the system for $600. Despite pleas from his neighbor and legal notice from the Health Department, Thompson failed or refused to have his system repaired and to abate the health nuisance.
On August 24, 1990, Thompson filed an answer and a counterclaim as well as a third-party complaint naming six defendants, all of whom were alleged to have played some role in the construction, sale, or financing of Thompson’s house. Thompson’s counterclaim sought $93,000 in compensatory and punitive damages.
On September 8, 1990, Dr. Eichold moved to dismiss Thompson’s counterclaim seeking monetary damages; Dr. Eichold sought dismissal on the basis of governmental immunity, lack of privity, and a failure to state a claim upon which relief could be granted. His motion was granted on October 12, 1990.
On March 20, 1991, Dr. Eichold moved for a summary judgment, based on his affidavits as health officer and on affidavits of Benny E. Howell, Jr., an environmental health specialist with the Health Department, who had investigated the sewage complaint, and Alan McDonald, Thompson’s neighbor, in whose yard the raw sewage was surfacing. On April 26, 1991, Judge Robert L. Byrd held a full evidentia-ry hearing on the merits of the complaint to determine if Thompson’s system was causing the raw sewage problem. That hearing was recessed and Health Department inspectors conducted additional tests on McDonald’s property. The inspectors uncovered field lines and injected red dye into McDonald’s septic system to establish that it was not McDonald’s system that was malfunctioning.
A hearing on Eichold’s motion for summary judgment was held on April 26, 1991, at which Thompson continued to deny that his system was at fault. The trial judge ordered that another dye test be performed on Thompson’s property. At an evidentia-ry hearing on May 31, 1991, the trial court, after hearing additional testimony and viewing photographs depicting the results of the dye test, which showed Thompson to be at fault, entered a summary judgment for Dr. Eichold. Thompson was given 60 days to repair his malfunctioning septic tank system and abate the flow of his raw sewage into his neighbor’s yard.
We have carefully examined the record, and we conclude that the trial court properly entered the summary judgment on the grounds that there was no genuine issue of material fact and that Dr. Eichold was entitled to a judgment as a matter of law. The evidence in the record established conclusively that Thompson’s septic tank was malfunctioning and allowing raw sewage to flow into his neighbor’s yard. The evidence presented by Dr. Eichold, both by affidavit and through direct testimony and exhibits, established that Thompson’s system was creating a health nuisance. In fact, Thompson himself admitted that his system was causing the problem. At the conclusion of the hearing, during Thompson’s testimony, the court directly asked Thompson a question:
*585 “THE COURT: In your opinion, is it your lines that are producing the cesspool in [McDonald’s] back yard?
“THE WITNESS: In my opinion?
“THE COURT: Yes, sir.
“THE WITNESS: I would say yes.”
After Dr. Eichold established a prima facie case, the burden fell on Thompson to establish substantial evidence to counter Dr. Eichold’s motion. Grider v. Grider, 555 So.2d 104 (Ala.1989). Thompson presented no evidence of material facts to rebut Dr. Eichold’s prima facie case. Because neither the complaint nor the record demonstrates the existence of any genuine issue of material fact, we affirm the summary judgment, on the authority of Rule 56, A.R.Civ.P. On a motion for summary judgment, once the movant makes a prima facie showing that no genuine issue of material fact exists, as in the present case, the burden shifts to the nonmovant to present “substantial evidence” (see Ala.Code 1975, § 12-21-12) in support of his position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990). Because Thompson failed to present “substantial evidence,” the trial court correctly entered the summary judgment.
Accordingly, that judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.