Danny R. Powell and his wife Tina L. Powell and James L. Kennedy sued United States Fidelity Guaranty Company ("USF 
G"), Zane Allsup, Bill Owens, Don Owens, and various fictitiously named parties, alleging liability for injuries Danny Powell and Kennedy sustained in accidents that occurred in the course of their employment with Owens Plating Company. The plaintiffs alleged that Allsup, Bill Owens, and Don Owens were co-employees of Danny Powell and Kennedy and that willful conduct on their part proximately caused the plaintiffs' injuries. The plaintiffs further alleged that the co-employees willfully altered, or allowed to be altered, the machine upon which Danny Powell and Kennedy were working at the time of their injuries, and that all the defendants were *Page 638 
liable for the co-employees' actions in doing so. The plaintiffs also alleged that USF G, the worker's compensation insurance provider for Owens Plating Company, had a duty to inspect the premises of Owens Plating Company for safety hazards and that it had breached that duty.
The plaintiffs subsequently amended their complaint to allege that Owens Plating Company had a duty under Ala. Code 1975, § 25-1-1(a), to provide a safe place for Danny Powell and Kennedy to work; that a material portion of this statutory duty had been delegated to Allsup, Bill Owens, and Don Owens; and that Allsup, Bill Owens, and Don Owens negligently and/or wantonly instructed Danny Powell and Kennedy to perform dangerous work and breached their duty under § 25-1-1. The plaintiffs also specifically alleged that USF G undertook the inspection of the plant and the equipment at the plant that Danny Powell and Kennedy were operating at the time of their injuries at Owens Plating Company and that USF G negligently inspected the equipment and failed to report hazardous conditions promptly.
Allsup, Bill Owens, and Don Owens moved to dismiss the amended complaint, arguing that the exclusivity provision of the Alabama Workers' Compensation Act, codified in Ala. Code 1975, § 25-5-53, bars negligence actions by an employee against co-employees. The trial court granted this motion and certified its judgment of dismissal as final, pursuant to Rule 54(b), A.R.App.P. The plaintiffs appeal.
The sole issue before us is whether the trial court properly determined that the exclusivity and immunity provisions in Ala. Code 1975, § 25-5-53 and § 25-5-11, bar the plaintiffs' claims under § 25-1-1 in the amended complaint.
Section 25-1-1 is a general industrial relations and labor statute that establishes an employer's duty to provide a safe workplace for its employees, and it has long formed the basis for co-employee liability. Fontenot v. Bramlett, 470 So.2d 669
(Ala. 1985). Section 25-1-1 provides, in pertinent part:
 "(a) Every employer shall furnish employment which shall be reasonably safe for the employees engaged therein and shall furnish and use safety devices and safeguards and shall adopt and use methods and processes reasonably adequate to render such employment and the places where the employment is performed reasonably safe for his employees and others who are not trespassers, and he shall do everything reasonably necessary to protect the life, health and safety of his employees and others who are not trespassers."
Before 1985, co-employees who negligently and/or wantonly failed to provide a safe working condition could be civilly liable under § 25-1-1 for personal injuries arising from their negligence. In 1985, however, the legislature passed Act 85-41, Ala. Acts 1985, which extensively amended the Alabama Worker's Compensation Act and added to it a qualified immunity for all co-employees. Act 85-41, now codified at § 25-5-11 and §25-5-53, prohibited actions against co-employees based on negligence or wantonness and established co-employee liability only for injuries that are intentionally or wilfully caused by the co-employee. Section 25-5-53 provides, in pertinent part:
 "The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment. In addition, immunity from civil liability for all causes of action except those based upon willful conduct shall also extend to the . . . employee of the same employer, or his or her personal representative."
(Emphasis added.) Section 25-5-11 defines "willful conduct," in pertinent part: *Page 639 
 "(c) As used herein, 'willful conduct' means any of the following:
 "(1) A purpose or intent or design to injure another; and if a person, with knowledge of the danger or peril to another, consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he or she is guilty of 'willful conduct.' "
Powell argues that § 25-5-11 and § 25-5-53 are separate from § 25-1-1 and have not abrogated the cause of action based on negligent failure to maintain a safe workplace under § 25-1-1. Powell relies upon Weaver v. Frazer, 576 So.2d 200 (Ala. 1991), wherein an injured employee sued co-employees, alleging that he had been burned by acid as a result of an intentional and willful failure on the part of the co-employees to properly instruct him on how to pump acid into a tank. Weaver contended that the co-employees "knew or should have known" that their instructions were wrong and would lead to his injury and that the co-employees "breached their affirmative duty to maintain a safe work place imposed by Ala. Code 1975, § 25-1-1." 576 So.2d at 201.
In addressing Weaver's claims, the Court set out the principles of co-employee liability:
 " 'A plaintiff suing a co-employee must show facts tending to prove that the co-employee set out purposefully, intentionally, or by design to injure someone; a showing of mere negligence is not enough. Evidence showing only a knowledge or an appreciation of a risk of injury will not entitle a plaintiff to a jury determination of whether the co-employee acted with a purpose, intent, or design to injure another. A co-employee must either have actual knowledge that an injury will occur from his actions or have substantial certainty that injury will occur.' "
Weaver, 576 So.2d at 202, quoting Bean v. Craig,557 So.2d 1249, 1252 (Ala. 1990).
The Court held that Weaver had presented no substantial evidence that the co-employees intended to injure him or that they knew that his injuries were substantially certain to result from their actions. The Court then stated, "Moreover, Weaver has failed to present evidence that [his co-employees] breached their duty to maintain a safe work place imposed by Ala. Code 1975, § 25-1-1." Weaver, 576 So.2d at 202.
The plaintiffs argue that, by adding a comment inWeaver about § 25-1-1 after having already held that the plaintiff had presented no substantial evidence of intentional or willful misconduct on the part of the co-employees, the Court implicitly recognized a separate cause of action under §25-1-1 for negligent failure to maintain a safe workplace.
The exclusivity provisions of § 25-5-53 and § 25-5-11 do not preclude a cause of action under § 25-1-1 for failure to provide a safe workplace; however, the exclusivity provisions have limited this cause of action under § 25-1-1 to only those instances where the breach of this duty is willful or intentional. The Court pointed out this change in Hawkins v.Miller, 569 So.2d 335 (Ala. 1990), wherein an injured employee sued a co-employee under § 25-1-1 for negligently failing to provide a safe working environment. The Court held that the negligence action was proper only because the injury occurred before the passage of the exclusivity provisions; however, the Court noted that, for injuries occurring after that time, "a plaintiff must prove willful conduct in order to maintain a co-employee action," in accordance with the exclusivity provisions of § 25-5-11 and § 25-5-53. 569 So.2d at 338. Our holding in Weaver v. Frazer further illustrates this point. InWeaver, the injured employee did not claim that his co-employeenegligently failed to maintain a safe workplace; a review of the pleadings in that case, which are part of the record in this appeal, confirm that Weaver alleged that his co-employeeswillfully and intentionally breached this duty. The Court properly recognized that Weaver could maintain a cause of action against his co-employees under § 25-1-1 for their alleged intentional and/or willful failure to maintain a safe workplace, but held that the evidence did not support this claim.
Construing § 25-1-1 with the changes brought by § 25-5-53 and § 25-5-11, we reaffirm the principle that an injured employee may maintain an action under § 25-1-1 against a co-employee for failure to *Page 640 
maintain a safe workplace, if the failure was willful and intentional. Because the plaintiffs' amended complaint alleged that co-employees of Danny Powell and James L. Kennedy negligently breached their duty under § 25-1-1, the trial court properly dismissed the complaint, based upon the exclusivity provisions of § 25-5-53 and § 25-5-11. The trial court's judgment is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, KENNEDY and INGRAM, JJ., concur.