Eddie Scott and his wife Primm Scott appeal from a summary judgment in a personal injury action filed against Mr. Scott's co-employees: *Page 1156 
Robert Goins, the mill manager; Mike DuPont, the safety director; Devon Jones, the maintenance manager; and Billy Edge and Gene Hinton, the maintenance supervisors. The action was filed pursuant to Ala. Code 1975, §§ 25-1-1 and 25-5-11(c)(4).[1]
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.;McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala. 1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958; Elgin, at 810-11.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). On an appeal from a summary judgment, this Court reviews the record in a light most favorable to the nonmovant and resolves all reasonable doubts against the movant. Wilma Corp. v.Fleming Foods of Alabama, 613 So.2d 359 (Ala. 1993).
On June 17, 1991, Mr. Scott was an employee of International Paper Company. On that date, while "changing out" cables on an overhead crane, as a part of his work for that employer, he fell 40 feet from the crane to a concrete floor. He suffered severe injuries and was determined to be totally disabled.
Mr. Scott brought this third-party action against his co-employees under § 25-1-1(a) and § 25-5-11(c)(4). He contends that his co-employees (1) willfully and intentionally failed to provide him and other employees with a safe place to work; see § 25-1-1(a); and (2) willfully and intentionally violated a written safety rule; see § 25-5-11(c)(4).
Section 25-1-1 establishes an employer's duty to provide a safe workplace for its employees. It provides, in pertinent part:
 "(a) Every employer shall furnish employment which shall be reasonably safe for the employees engaged therein and shall furnish and use safety devices and safeguards and shall adopt and use methods and processes reasonably adequate to render such employment and the places where the employment is performed reasonably safe for his employees and others who are not trespassers, and he shall do everything reasonably necessary to protect the life, health and safety of his employees and others who are not trespassers."
Co-employee actions may be brought pursuant to § 25-1-1; however, the exclusivity provisions of § 25-5-11 have limited them to only those acts that are willful or intentional.
In Powell v. United States Fidelity Guar. Co.,646 So.2d 637 (Ala. 1994), citing Bean v. Craig, 557 So.2d 1249
(Ala. 1990), this Court set out the principles of co-employee liability:
 " ' "A plaintiff suing a co-employee must show facts tending to prove that the co-employee set out purposefully, intentionally, or by design to injure someone; a showing of mere negligence is not enough. Evidence showing only a knowledge or an appreciation of a risk of injury will not entitle a plaintiff to a jury determination of whether the co-employee acted with a purpose, intent, or design to injure another. A co-employee must either have actual knowledge that an injury will occur from his actions or have substantial certainty that injury will occur." ' "
Powell, at 639, quoting Weaver v. Frazer, 576 So.2d 200
(Ala. 1991), quoting Bean v. Craig, *Page 1157 557 So.2d 1249, 1252 (Ala. 1990). (Emphasis added.)
Mr. Scott places great emphasis on the phrase "substantial certainty that injury will occur." He contends that a reasonable man in the co-employees' positions would have known that injury or death was "substantially certain" to follow from their failure to provide adequate fall protection to a worker whose work routinely placed him on an unguarded pedestal 40 feet above a concrete floor. However, the evidence shows that safety belts were provided for the employees to use. Before Mr. Scott's accident, some of the employees who performed maintenance work on the crane had used safety belts. Furthermore, the evidence showed that before Mr. Scott's accident no one had ever fallen while working on the crane. We do not agree with Mr. Scott that the co-employees knew with substantial certainty that an injury would occur. At most, the evidence tends to show that the co-employees may have been aware that anyone in Mr. Scott's position could have fallen while working on the overhead crane.
 "Even though the co-employee defendants may have perceived a risk of injury, such a perception would be insufficient for a jury to infer that they acted with a purpose to injure [the employee]. See Burkett v. Loma Mach. Mfg., Inc., 552 So.2d 134, 138-39 (Ala. 1989); Reed v. Brunson, 527 So.2d [102] at 120-21 [(Ala. 1988)]."
Layne v. Carr, 631 So.2d 978, 982 (Ala. 1994).
Mr. Scott also relies on § 25-5-11(c)(4), which provides that injured employees shall have a cause of action against co-employees for personal injuries resulting from "willful conduct." Section 25-5-11(c)(4) defines "willful conduct" to include:
 "Willful and intentional violation of a specific written safety rule of the employer after written notice to the violating employee by another employee who, within six months after the date of receipt of the written notice, suffers injury resulting in death or permanent total disability as a proximate result of the willful and intentional violation. The written notice to the violating employee shall state with specificity all of the following:
"a. The identity of the violating employee.
 "b. The specific written safety rule being violated and the manner of the violation.
 "c. That the violating employee has repeatedly and continually violated the specific written safety rule referred to in b. above with specific reference to previous times, dates, and circumstances.
 "d. That the violation places the notifying employee at risk of great injury or death.
 "A notice that does not contain all of the above elements shall not be valid notice for purposes of this section. An employee shall not be liable for the willful conduct if the injured employee himself or herself violated a safety rule, or otherwise contributed to his or her own injury. No employee shall be held liable under this section for the violation of any safety rule by any other employee or for failing to prevent any violation by any other employee."
(Emphasis added.)
Mr. Scott argues that the trial judge erred in entering the summary judgment for the co-employees because, he argues, their conduct constituted "willful conduct" as defined by §25-5-11(c)(4). Mr. Scott contends that he and other employees gave "oral notice" of the safety violation at numerous safety meetings by complaining about the lack of use of any fall protection, and he contends that this was sufficient notice under the statute.
Mr. Scott cites Layne v. Carr, 631 So.2d 978 (Ala. 1994), for the proposition that the required notice need only "substantially conform" to the requirements of § 25-5-11(c)(4). However, that section requires that the injured employee givewritten notice, which notice must conform to certain specifications. This Court held that "for an employee to bring an action under subsection (c)(4), the required notice must substantially conform to the requirements of that subsection."Layne, at 983. We hold that this does not mean that an "oral notice" is sufficient under the statute, only that the "written notice" need only substantially conform to the specifications listed in the statute. *Page 1158 
Therefore, the trial judge correctly held that Mr. Scott's action could not proceed under § 25-5-11(c)(4).
For the foregoing reasons, the summary judgment in favor of the co-employees is affirmed.
AFFIRMED.
MADDOX, HOUSTON, and COOK, JJ., concur.
HOOPER, C.J., concurs in the result.
[1] Primm Scott claimed damages for loss of consortium.