THOMPSON, Judge,
dissenting.
I do not agree that the plaintiffs proffered substantial evidence that would defeat Martin’s motion for a summary judgment. Therefore, I respectfully dissent.
Under Alabama law, the knowledge of a potentially dangerous condition in the workplace will not support a co-employee action unless there is evidence that the defendant was substantially certain that injury or death could occur as a result of that condition. See Scott v. Goins, 677 So.2d 1154 (Ala.1996) (co-employee could not be said to be “substantially certain of injury or death” for failure to provide “fall protection” to an employee working in a crane); Bean v. Craig, 557 So.2d 1249 (Ala.1990) (no evidence that co-employee, who used a tire iron rather than a “safety pin” to secure an automobile lift under which worker was injured was substantially certain that his actions would cause injury or death); Reed v. Brunson, 527 So.2d 102 (Ala.1988) (no evidence, beyond that showing negligence or wantonness, where a co-employee ordered a worker to work near an unguarded section of a cement mixer and the worker injured his hand in the unguarded section of the machine).
The plaintiffs failed to provide the required substantial evidence that Martin ivas substantially certain that injury or death would occur as a result of the inadequacy of the relief system on the tank. Martin had worked at the facility for two years, and the tank had been in existence since 1962. It is not disputed that, before the explosion, there had been no problems with the tank in the years that the tank had been in operation at 3M.
The evidence presented by the plaintiffs would not support a finding that Martin was or would have been substantially certain that injury or death would result from his actions. The plaintiffs seem to argue that, because of the dangerous nature of the volatile chemicals contained in the tank, Martin should have been substantially certain that injury or death would occur as a result of the inadequate relief system on the tank. As noted by the trial court in its order, there is absolutely no evidence of any prior accidents or problems with the tank that exploded on July 3, 1989.
Viewing the evidence in a light most favorable to the plaintiffs, a jury might infer that Martin had notice and that he perceived the risk of injury created by the inadequate relief system. However, the perception of the risk of injury is not sufficient to create liability under § 25-5-11(c), Ala.Code 1975. “Evidence showing only knowledge and an appreciation of the risk of injury or death, short of a substantial certainty that injury or death would occur, is insufficient for the purpose of showing willful conduct under [§ 25-5-11(c)(1) ].” Layne v. Carr, 631 So.2d 978, 982 (Ala.1994).
The plaintiffs failed to present substantial evidence that Martin was substantially certain that injury or death would occur as a result of the inadequate relief system. There is no evidence that Martin had any indication that the relief system, which had functioned appropriately for more than 25 years, was in imminent danger of failing. “A co-employee must either have actual knowledge that an injury will occur from *392 his actions or have substantial certainty that injury will occur.” Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990). I would affirm the ruling of the trial court, which I think was correct in stating: “[E]ven if this defendant were found to have ‘perceived a risk of injury’ based on [the evidence], such a perception does not rise to the level of ‘substantial certainty that injury would occur,’ as required by the Supreme Court of Alabama.” Therefore, I dissent.
CRAWLEY, J., concurs.