The four coemployee-liability actions now before us on this certiorari review arose from an explosion at a 3M Corporation chemical plant that killed three employees and injured another. The injured employee and the widows of the three deceased employees sued John Martin, who was the plant manager and thus a coemployee of the victims. First, the plaintiffs claimed, under Ala. Code 1975, § 25-5-11(c)(1), that Martin had willfully failed to provide a safe workplace for the employee victims. Second, the plaintiffs claimed, under § 25-5-11(c)(2), that Martin's failure to upgrade the relief system on the chemical tank that exploded constituted a removal of a "safety device." The trial court entered a summary judgment in Martin's favor on both counts.
The Court of Civil Appeals affirmed the summary judgment with respect to the plaintiffs' § 25-5-11(c)(2) claim, but reversed with respect to the plaintiffs' § 25-5-11(c)(1) claim, holding that there is a genuine issue of material fact as to whether Martin acted willfully. Crawford v. Martin, [Ms. 2960284, September 5, 1997] 733 So.2d 387 (Ala.Civ.App. 1997). We granted Martin's certiorari petition to review the holding by the Court of Civil Appeals with respect to § 25-5-11(c)(1). Because we conclude that the plaintiffs failed to present substantial evidence that Martin acted with a substantial certainty that the injuries and deaths would occur, we reverse and remand.
 I.
Viewed in the light most favorable to the nonmovants, the plaintiffs, the evidence indicates the following: In July 1989, three employees were killed and one was injured at a 3M Corporation chemical plant when a 500-gallon chemical-blending tank exploded as the employees were attempting to repair it.[1] The tank had been installed in 1962 as part of an engineered system designed to blend chemicals, and it had been used at the plant for approximately 27 years before the accident. There is no evidence indicating that the system had ever caused an injury before the 1989 accident.
In 1980, 3M Corporation hired an outside consultant to perform tests on the chemical that was stored in the tank. The consultant's report indicated that if the chemical stored in the tank came in contact with large amounts of oxygen, it would "cause spontaneous ignition." It is undisputed that Martin had no knowledge of this report until after the 1989 accident.
Eight months before the accident, Martin, as the plant manager, signed a purchase order requesting funds to upgrade the tank's pressure-relief system. The purchase order indicated that the relief system was inadequate and that a "large release of high pressure monomer would probably rupture the tank." The new relief system had not been installed before the accident. *Page 394 
After the accident, an investigation revealed that the explosion had been caused by a leak that allowed oxygen outside the tank to come in contact with the chemical inside the tank. As a result of the accident, the Occupational Safety and Health Administration ("OSHA") cited 3M Corporation for violations of OSHA regulations.
In 1993, the injured employee and the widows of the three deceased employees filed claims against Martin, the plant manager and thus a "co-employee," for damages, pursuant to § 25-5-11(c)(1) and (2), Ala. Code 1975. The claims alleged that Martin had known the relief system on the tank needed to be upgraded and that Martin had been "substantially certain" that the tank would explode and cause injury or death. Further, the plaintiffs contended that Martin's failure to replace or repair the relief system constituted a "removal . . . of a . . . safety device," within the meaning of § 25-5-11(c)(2). The trial court entered a summary judgment in Martin's favor.
The Court of Civil Appeals affirmed the summary judgment with respect to the plaintiffs' § 25-5-11(c)(2) claim, holding that the plaintiffs' evidence did not present a prima facie case under §25-5-11(c)(2) because neither the relief system nor the replacement ordered for the tank was "provided by the manufacturer." However, the Court of Civil Appeals reversed the summary judgment with respect to the plaintiffs' § 25-5-11(c)(1) claim, holding that there was "substantial evidence that create[d] a genuine issue of material fact [under § 25-5-11(c)(1)] as to whether Martin was substantially certain that an explosion and injury would occur if the relief system on the tank failed." Crawford v. Martin, 733 So.2d at 390.
We granted Martin's petition for certiorari review to consider the sole issue whether the plaintiffs presented substantial evidence to overcome Martin's motion for summary judgment on their § 25-5-11(c)(1) claim seeking to impose coemployee liability.
 II.
We review a summary judgment by the same standard the trial court uses when it rules on a motion for summary judgment. Long v. Bankers Life Cas. Co., 294 Ala. 67, 70, 311 So.2d 328, 329
(1975). A trial court should grant a motion for summary judgment where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Pitts v. Beasley, 706 So.2d 711, 712 (Ala. 1997). If the movant makes a prima facie showing that there is no genuine issue of material fact, then the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989); Bean v. Craig, 557 So.2d 1249, 1252 (Ala. 1990).
Martin contends that the Court of Civil Appeals erred in reversing the summary judgment in his favor on the claim seeking to impose coemployee liability under § 25-5-11(c)(1). Specifically, Martin argues that the Court of Civil Appeals erred in concluding that the plaintiffs presented substantial evidence indicating he had had a substantial certainty that his failure to upgrade the relief system would cause the explosion. The plaintiffs respond with the argument that the Court of Civil Appeals correctly reversed the summary judgment because, they argue, their evidence would support a finding that Martin had been aware of the risk of the accident and had been aware that there was a substantial certainty that if the accident occurred injury would result.
Section 25-5-11 provides in pertinent part:
 "(b) If personal injury . . . to any employee results from the willful conduct, as defined in subsection (c) herein, of any officer, director, agent, or employee of the same employer . . . the employee shall have a cause of action against the person. . . . *Page 395 
 "(c) As used herein, `willful conduct' means any of the following:
 "(1) A purpose or intent or design to injure another; and if a person, with knowledge of the danger or peril to another, consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he or she is guilty of `willful conduct.'"
(Emphasis added.)
Interpreting § 25-5-11(c)(1) in Reed v. Brunson,527 So.2d 102, 120 (Ala. 1988), this Court stated:
 "[T]he Legislature expressed concern over the rising costs of litigation among co-employees, as well as the disruptive effect that such litigation can have on workers. That concern indicates to us that the Legislature intended for an injured plaintiff to prove more than simply that he was compelled to work under circumstances that posed a foreseeable risk of harm to him or others (or circumstances from which harm could likely or even probably result), in order to maintain his action based on the `wilfulness' of a co-employee defendant. To the contrary, we believe the Legislature sought to insure that these kinds of cases would not be submitted to a jury without at least some evidence tending to show either 1) the reason why the co-employee defendant would want to intentionally injure the plaintiff, or someone else, or 2) that a reasonable man in the position of the defendant would have known that a particular result (i.e., injury or death) was substantially certain to follow from his actions. (A purpose, intent, or design to injure another was not intended to be reasonably inferable from evidence showing only knowledge and appreciation of a risk of injury or death short of substantial certainty that injury or death would occur.)"
Thus, to defeat a properly supported motion for summary judgment on a § 25-5-11(c)(1) claim, a plaintiff must present substantial evidence indicating that the coemployee defendant "`must either have [had] actual knowledge that an injury [would] occur from his actions or have [had] substantial certainty that injury [would] occur.'" Scott v. Goins, 677 So.2d 1154, 1156 (Ala. 1996) (quoting Powell v. United States Fidelity Guar. Co.,646 So.2d 637, 639 (Ala. 1994) and other cases) (first emphasis added and second emphasis partially omitted). It is undisputed that Martin did not have "actual knowledge" that the injury would occur if he did not have the relief system for the chemical-blending tank upgraded before the employees attempted to repair the tank. Accordingly, the key issue is whether Martin had a "substantial certainty" that injury would occur if he did not have the relief system upgraded before the employees attempted to repair the tank.
The Court of Civil Appeals relied on three pieces of evidence to conclude that the plaintiffs had presented substantial evidence indicating that Martin had acted willfully. First, the 1980 report stated that the chemical inside the tank should not be mixed with large amounts of oxygen. Given that the tank had been used 27 years without causing an injury, we conclude that the evidence of the 1980 report, even if Martin had known of that report, would at most constitute evidence that Martin had knowledge that a risk existed. "Evidence showing only knowledge and an appreciation of the risk of injury or death, short of a substantial certainty that injury or death would occur, is insufficient for the purpose of showing willful conduct under [§ 25-5-11(c)(1)]." Layne v. Carr,631 So.2d 978, 982 (Ala. 1994). The undisputed evidence, however, is that Martin did not know of the 1980 report at the time of the 1989 accident. The evidence regarding the report would not support a finding that Martin knew with substantial certainty that the employees would be injured if he did not have the relief system upgraded on the particular tank they were attempting to repair. *Page 396 
Second, the Court of Civil Appeals relied on the fact that Martin signed the purchase order to have the relief system upgraded on several of the chemical-blending tanks, including the tank that ruptured. The Court of Civil Appeals concluded that this fact would support a finding that Martin had had a "substantial certainty" that injury would occur. In Turnbow v. Kuston Kreation Vans, 535 So.2d 132, 134 (Ala. 1988), an employee was injured when the door to the van he was driving opened and caused him to fall out of the van. The van door had been damaged before the accident. While the coemployee knew that the door needed to be repaired, the van had been driven for approximately one year without any resulting injuries. Id. This Court held that the plaintiff's evidence could not support a finding that the coemployee had been substantially certain that his failure to have the van door repaired would cause injury or death. Id. at 134.
Similarly, while Martin knew that the chemical-blending tank needed to be upgraded, the tank had been used for approximately 27 years without any injuries resulting from its use. This evidence, like the evidence in Turnbow, was not sufficient; it does not constitute substantial evidence indicating that Martin had a substantial certainty that injury would occur if he did not upgrade the chemical-blending tank before the employees attempted to repair it.
Third, the evidence regarding OSHA's citing 3M Corporation would not support a finding that Martin was substantially certain that his failure to immediately upgrade the relief system would cause injury or death. Harris v. Simmons, 585 So.2d 906 (Ala. 1991). In Harris, 585 So.2d at 908, coemployees, in violation of OSHA regulations, allowed an employee to work on a machine that did not have its safety guards. The company had even been cited by OSHA a few times before for operating the machines without the safety guards. Id. Nonetheless, this Court held that the evidence of the OSHA citations would not support a finding that the coemployees had known with substantial certainty that the employee would be injured while working on the machine. Id. The evidence of the post-accident OSHA citation concerning the chemical-blending tank in this case is significantly less substantial than the evidence of the pre-accident OSHA citations this Court held insufficient to establish a "substantial certainty" in Harris.
Under § 25-5-11(c)(1), the plaintiff must, of course, show that the coemployee defendant was substantially certain that, if the accident occurred, injury or death would result. The Court of Civil Appeals failed to recognize, however, that the plaintiff must also show that the coemployee defendant was substantially certain that the accident would follow from his actions. Reed, 527 So.2d at 102; Scott, 677 So.2d at 1156.
 III.
We reverse that portion of the judgment of the Court of Civil Appeals holding that the plaintiffs' § 25-5-11(c)(1) claim presented a jury issue, and, on that holding, reversing the summary judgment. We remand these cases to that court for an order or further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, COOK, and LYONS, JJ., concur.
[1] This accident has generated a previous appeal to this Court. Crawford v. Sundback, 678 So.2d 1057 (Ala. 1996). That appeal did not concern Martin's liability, if any, for the accident. *Page 397