CRAWLEY, Judge.
Thomas S. Christian (“the former husband”) appeals from a judgment finding him in contempt for failing to make payments of periodic alimony to Jacqueline Dotson Christian (“the former wife”). We dismiss the appeal because it is from a nonfinal order.
The parties were divorced in 1994. An amended judgment of divorce, entered on January 10, 1995, ordered the former husband to pay the former wife $4,000 per month in periodic alimony. At a hearing on July 21,1998, the court determined that the former husband’s alimony arrearage was $137,835; it held that he could purge himself of contempt by making a lump-sum payment of $50,000 within 30 days, and by paying $5,000 per month thereafter, with the additional $1,000 monthly payment credited toward his arrearage. The court also ordered the former husband to pay an attorney fee of $20,000.
The former wife filed her contempt petition in March 1996. The former husband answered in April 1996, and trial was set for March 1998. In February 1998, the former husband petitioned to modify the divorce judgment, seeking a reduction in his alimony obligation. The husband’s petition was assigned the same case number as the wife’s petition and entered on the same case action summary sheet. During the trial of the contempt petition, the court inquired of counsel for the former husband, “Why has there not been a petition to modify filed?” Counsel explained that such a petition had been filed shortly before trial. The former husband did not request that a hearing on his petition be consolidated with the hearing on the former wife’s petition. The parties agree that the former husband’s petition is still pending in the trial court.
An appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). An order is generally not final unless it disposes of all claims or the rights or liabilities of all parties. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987) (emphasis added). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b). Bean, 557 So.2d at 1253. This appeal is from the trial court’s judgment on the former wife’s contempt petition. Because the former husband’s petition to modify remains pending, this court cannot now reach the merits of this case.
The appellee’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.