CRAWLEY, Judge.
The trial court divorced the parties in 1995, awarded the father custody of the parties’ son, and ordered the mother to pay child support in the amount of $162 per month. In October 2003, the mother filed a petition to modify the divorce judgment, seeking custody of the child and child support from the father. The mother’s petition to modify alleged that the child had been living with her since May 2000, that the father had not consistently provided for the support of the child, and that she did not know the father’s address.
The father answered the mother’s petition to modify, and both parties moved the court to set the matter for a pendente lite hearing. The trial court held a pendente lite hearing on November 25, 2003, after which it entered the following notation on the case action summary sheet: “Case called. [The father’s counsel] not present due to ... surgery. Court entertains statements. Child presently with mother but dad has legal custody. Status Quo as school.”
The trial court set the case for a final hearing to be held on February 17, 2004. On January 13, 2004, the mother moved the court to conduct an in camera interview of the child. The father did not object, and the trial court granted the motion. On February 17, the trial court entered the following notation on the case action summary sheet:
“Case called. Settlement placed on record. Acknowledgment by parties. Issue of primary physical [custody] being placed with Court, child reviewed by Court. Primary residence [of the child] placed with mother.”
The trial court made no further findings or determinations. Following the denial of his postjudgment motion, the father appealed, arguing that the trial court abused its discretion in awarding custody of the child to the mother because, he contends, the mother failed to meet her burden under Ex parte McLendon, 455 So.2d 863 (Ala.1984).
Because the record does not indicate that the trial court adjudicated the mother’s claim for child support, we must dismiss this appeal as being from a nonfinal judgment. Although an entry on the case action summary sheet indicates that the parties “placefd]” and “acknowledged]” a settlement on the record, the terms of the settlement do not appear in the record before us. In the absence of any indication that the trial court adjudicated the child-support claim, this court cannot assume that the judgment is final.
“An appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). An order is generally not final unless it disposes of all claims or the rights or liabilities of all parties. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987).... The only exception to this rule of finality is when the *852 trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean, 557 So.2d at 1253. Because the trial court’s order did not dispose of the matter of child support, it is not final, and this court cannot now reach the merits of this case.”
Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001).
If the parties agreed on child support and the trial court adopted their agreement as a part of its judgment, then the agreement should have been stated on the record and incorporated into the judgment in compliance with Rule 32(E), Ala. R. Jud. Admin. That rule states:
“A standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit form shall be filed in each action to establish or modify child support obligations and shall be of record and shall be deemed to be incorporated by reference in the court’s child support order. In conformance to Section (A)(2) of this Rule, in stipulated cases the court may accept the filing of a Child Support Guidelines Notice of Compliance form.”
(Emphasis added.) The appeal is therefore dismissed.
The appellant’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
YATES, P J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.