Rel: February 13, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

————————————————

### CL-2025-0303

————————————————

**Kyndra Granillo, Tyler Pittman, and Allison Ace**

**v.**

**Marie Garrison and Leassia Hanback**

**Appeal from Franklin Circuit Court**
**(CV-24-40)**

FRIDY, Judge.

Kyndra Granillo, Tyler Pittman, and Allison Ace appeal from a judgment of the Franklin Circuit Court ("the circuit court") ordering them to vacate certain real property in Phil Campbell ("the property") that the circuit court found was owned by Marie Garrison. As discussed

herein, the judgment from which they appeal is not final, and, therefore we dismiss the appeal.

Background

The record indicates that Granillo; Pittman, who was Granillo's boyfriend; and Ace, who is Pittman's mother ("the defendants"), lived on the property that Sammy Garrison ("Sammy") and Marie Garrison ("Marie") had owned since the 1980s.[1] On September 28, 2024, Sammy and Marie provided written notice to the defendants that they were selling the property and demanded that the defendants vacate the property no later than October 5, 2024, or Sammy and Marie would commence an eviction action to have them removed. The defendants did not leave the property, so on October 7, 2024, Marie commenced an action for eviction and unlawful detainer in the Franklin District Court ("the district court") against them demanding possession of the property, $1,861.84 in unpaid rent, and court costs. In the preprinted form complaint, Marie, who at that time was appearing pro se, wrote that the defendants no longer had the right to possess the property and that she

---

[1]Some court documents refer to Sammy as Danny Garrison; however, in testimony and other documents, including his obituary, he is referred to as "Sammy."

2

had the right to sell the property. Marie also alleged that the defendants had damaged the property, that there were unauthorized occupants on the property, and that there had been unauthorized use of electricity.

On October 10, 2024, Granillo, also acting pro se, filed an answer in the district court using a preprinted form "answer to landlord's claim" seeking eviction and alleging unlawful detainer. On October 23, 2024, Pittman filed a handwritten answer, saying that he did not agree with the statements made in the complaint and that he did not agree with being evicted and denying that any amount of rent was past due "as it ha[d] already been paid." Pittman wrote that Ace also disagreed with the eviction claim but that she was in the hospital and would not be able to attend court and, further, that she had a mental disability that made it difficult for her to communicate.

After filing her answer, Granillo hired an attorney who filed a motion to dismiss the action in the district court on the ground that, because there was no written lease, the action had to be brought in the circuit court. On October 24, 2024, the district court denied the motion to dismiss, but it transferred the action to the circuit court. After retaining an attorney, Sammy and Marie, by and through their power of attorney,

3

Leassia Hanback,[2] filed an amended complaint in the circuit court on November 8, 2024, to add an ejectment claim against the defendants. Sammy died on December 7, 2024, and a suggestion of death was filed in the circuit court on January 8, 2025.

The circuit court held a trial on March 4, 2025. A recitation of the evidence is not required for resolution of this case. On April 15, 2025, the circuit court entered a judgment ejecting Granillo from the property and requiring her to remove all of her personal property, including fixtures and any structures she had placed on the property, by May 31, 2025. The circuit court found that the value of the improvements that Granillo had made to the property was approximately the same as the fair-market rental value of the property during the time that she had lived there and declined to award money damages. In the judgment, the circuit court took no action regarding Pittman and Ace. In other words, there is no language in the judgment to indicate that Pittman and Ace were bound

---

[2]In the notice of appeal, Leassia Hanback's name is spelled "Leissia"; however, documents filed in the circuit court, including Plaintiff's Exhibit 1, which is Hanback's power of attorney over Sammy, her name is spelled "Leassia." We have opted to use that spelling, which appears to be the correct one. Hanback is Sammy and Marie's daughter and Granillo's aunt.

by the judgment. The only mention of them is the circuit court's observation that they had not been present at the trial and that Marie and Hanback had moved to dismiss them from the case.

On April 21, 2025, Marie filed a motion to amend the April 15, 2025, judgment, pointing out that Pittman had been present and had testified at the trial and that, while Ace had not been present, her attorney had advised the circuit court that she had been admitted to the hospital and was unable to attend the trial. Marie also advised the circuit court that there had been no motion to dismiss Pittman and Ace from the action. She asked the circuit court to amend the judgment to correct the errors she pointed out. On the next day, April 22, 2025, the circuit court granted the motion to amend, but an amended judgment is not contained in the record. Granillo, Pittman, and Ace filed a timely notice of appeal.

## Analysis

The parties do not challenge this court's jurisdiction to consider the appeal, but before we can reach the merits, we must first determine whether the appeal is from a final judgment so as to properly invoke this court's jurisdiction. Richey v. Morris, 389 So. 3d 347, 348 (Ala. 2023). "The question whether a judgment is final is a jurisdictional question,

5

and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the [appeal]." <u>Owens v. Owens</u>, 739 So. 2d 511, 513 (Ala. Civ. App. 1999).

A final judgment is "one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved." <u>Bean v. Craig</u>, 557 So. 2d 1249, 1253 (Ala. 1990). Here, Marie and Hanback, the plaintiffs remaining in this case after Sammy's death, sought to eject not only Granillo, but also Pittman and Ace, from the property. Pittman answered the complaint, denying the ejectment claim as it applied to Ace and him. However, the circuit court's April 15, 2025, judgment does not resolve the ejectment claim or any other claim asserted against Pittman and Ace; therefore, it is not a final judgment capable of supporting an appeal. <u>Owens</u>, 739 So. 2d at 513.

<u>Conclusion</u>

Because the appeal is from a nonfinal judgment, this court does not have jurisdiction, and the appeal must be dismissed. <u>Sikes v. Kirkland</u>, 415 So. 3d 658, 661 (Ala. 2024).

APPEAL DISMISSED.

Moore, P.J., and Edwards, Hanson, and Bowden, JJ., concur.